United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LINDA FRISBY-CADILLO,

Plaintiff,

v.

MYLAN, INC., MYLAN PHARMACEUTICALS, INC., MYLAN TECHNOLOGIES, INC.

Defendants.
_______________________________/

No. C 09-05816 SI

**ORDER DENYING MYLAN DEFENDANTS' MOTION TO DISMISS**

Defendants Mylan, Inc., Mylan Pharmaceuticals, Inc. and Mylan Technologies, Inc. (collectively "Mylan") have filed a motion to dismiss plaintiff's Fourth and Fifth Causes of Action. This matter is currently set for hearing on May 7, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court DENIES Mylan's motion.

The Court notes at the outset that it has disregarded plaintiff's improperly filed sur-reply brief. *See* Civil L.R. 7-3(d) ("[O]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.").

**BACKGROUND**

This litigation arises from the death of Felix Cadillo while he was wearing a fentanyl transdermal patch ("Patch") designed, manufactured, marketed, and/or distributed by Mylan. First Amended Complaint ("FAC") ¶ 11. Plaintiff Linda Frisby-Cadillo, Mr. Cadillo's widow and heir, brings this wrongful death action, alleging that the Patch caused her husband's death. *Id.* ¶¶ 11, 16.

United States District Court
For the Northern District of California

According to the complaint, fentanyl, which is generally prescribed to treat pain, "is an extremely dangerous drug that is at least 80 times stronger than morphine" and is "classified as a Schedule II controlled substance by the FDA." *Id.* ¶ 12. Mr. Cadillo's physician prescribed the Patch to him in November 2007 to treat pain. *Id.* ¶ 16. Plaintiff alleges that although Mr. Cadillo always used the Patch as directed, the Patch delivered a lethally high dose of fentanyl into his system. *Id.* ¶¶ 13-14. Plaintiff further alleges that "numerous" other patients died of overdoses prior to Mr. Cadillo's death, and that Mylan therefore "knew or should have known that patients were receiving lethal fentanyl doses from proper use of the Patch." *Id.* ¶ 14. Plaintiff alleges that despite having notice of the drug's defect, Mylan continued to warrant that the drug was safe and effective. *Id.* ¶¶ 30, 33.

Plaintiff alleges four causes of action against Mylan: (1) strict product liability, including defective manufacturing and marketing; (2) negligence; (3) negligent misrepresentation; and (4) breach of warranty of fitness for a particular purpose and freedom from defect.[1] Presently before the Court is Mylan's motion to dismiss the causes of action for negligent misrepresentation and breach of warranty.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In deciding whether the plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

---

[1] Plaintiff initially brought a claim for strict product liability against five other defendants, Alza Corporation, Janssen Pharmaceutica Products, L.P., Janssen, L.P., Janssen Pharmaceutica, Inc. and Ortho-McNeil-Janssen Pharmaceuticals, Inc. Plaintiff then voluntarily dismissed each of these defendants from this action, leaving only the Mylan defendants.

**DISCUSSION**

**I. Negligent Misrepresentation**

Plaintiff's Fourth Cause of Action alleges that Mylan engaged in negligent misrepresentation by representing and marketing the Patch as safe even after it became aware that the Patch had caused patient deaths as a result of its own internal studies, other wrongful death suits, and adverse reports from the FDA, World Health Organization, and medical examiners. FAC ¶¶ 14, 30. Plaintiff alleges that Mylan's "misrepresentations include . . . a representation that the Patch would produce a maximum fentanyl blood concentration that was much lower than the fentanyl concentration found in [Mr. Cadillo's] blood at the time of his death and a representation that the Patch was safe for use and a representation that the Patch can be used with other medications." *Id.* ¶ 30.

To state a claim for negligent misrepresentation under California law, a plaintiff must allege that the defendant made a false representation, that the plaintiff justifiably relied on the defendant's statement, and that the plaintiff was damaged as a result. *Charnay v. Cobert*, 51 Cal. Rptr. 3d 471, 482 (Cal. Ct. App. 2006). "[I]n a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true." *Id.*

Mylan moves to dismiss this cause of action for failure to state a claim. The Court finds, however, that plaintiff has adequately pled each of the elements underlying her cause of action for negligent misrepresentation. Plaintiff has alleged that Mylan represented to doctors, the FDA, and the public that the Patch released safe levels of fentanyl despite lacking a reasonable basis to believe its representations were true, given the prior lawsuits, studies, and other information to the contrary. Plaintiff has alleged that Mr. Cadillo justifiably relied on Mylan's representation of safety in using the Patch, and that he died as a result. These allegations are sufficient to state a claim.

Mylan also argues that this claim must be dismissed for failure to meet the heightened requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Several district courts within this circuit have applied Rule 9(b)'s heightened pleading requirements to negligent misrepresentation claims. *See, e.g.*, *Neilson v. Union Bank of Cal., N.A.*, 290

F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991). However, the only Ninth Circuit case the Court was able to locate on this subject reversed the district court's application of Rule 9(b) to a negligent misrepresentation claim and analyzed the claim under the ordinary pleading requirements described above. *See Miller v. Int'l Bus. Mach. Corp.*, 138 F. App'x 12, 17 (9th Cir. 2005).

Even assuming that Rule 9(b)'s requirements apply to plaintiff's claim, the Court finds that the allegations are sufficient. Rule 9(b) requires a plaintiff to provide "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The purpose of the rule is "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (citation omitted). Mylan acknowledges that "the only source of [the allegedly false] statements based on Plaintiff's allegations could be the representations contained in the FDA-approved labeling" provided with the Patch at the time of Mr. Cadillo's death, which, according to the complaint, occurred in December 2007. Mot. to Dismiss at 4; FAC ¶ 16. As recounted above, plaintiff has alleged the specific content of the misrepresentations, namely that the Patch would release only a safe amount of fentanyl into the user's system. In the Court's view, these allegations are specific enough to provide Mylan with the notice that Rule 9(b) contemplates. The motion to dismiss the Fourth Cause of Action is DENIED.

## II. Breach of the Warranty of Fitness for a Particular Purpose

Mylan also moves to dismiss the Fifth Cause of Action, which alleges breach of the warranty of fitness for a particular purpose.[2] First, Mylan argues in a rather conclusory fashion that this claim must be dismissed because California law does not permit a claim concerning drug warnings to be brought against a drug manufacturer. Mylan's position is undermined by the very case it cites. *Carlin v. Superior Court*, 920 P.2d 1347, 1355 (Cal. 1996) ("[Defendant] argues that [prior caselaw] precludes

[2] Plaintiff's complaint also alleges breach of the warranty of freedom from defect, but Mylan's motion only challenges the portion of the cause of action relating to fitness for a particular purpose.

any such cause of action for breach of warranty against manufacturers of prescription drugs. Not so."). This case establishes only that drug manufacturers are not required "to provide warning of a risk known to the medical community." *Id.* at 1354. This rule does not provide a basis for dismissal at this time.

Mylan additionally moves to dismiss for failure to state a claim. Plaintiff pleads breaches of both express and implied warranties of fitness for a particular purpose. Plaintiff must allege (1) that Mr. Cadillo intended to use the Patch for a particular purpose, (2) that Mylan had reason to know of this purpose, (3) that Mr. Cadillo relied on Mylan's skill or judgment to provide a product suitable for this purpose, (4) that Mylan had reason to know that buyers relied on its skill or judgment, and (5) that the Patch was unfit for the purpose for which it was purchased and subsequently damaged Mr. Cadillo. *See Keith v. Buchanan*, 220 Cal. Rptr. 392, 399 (Cal. Ct. App. 1985); *Metkowski v. Traid Corp.*, 104 Cal. Rptr. 599, 601 (Cal. Ct. App. 1972).

In the Court's view, plaintiff has adequately stated a claim for breach of an implied warranty. Plaintiff has alleged that Mr. Cadillo purchased the Patch to relieve pain; that this is the purpose for which the Patch was designed, manufactured, and prescribed; that Mr. Cadillo relied on Mylan's judgment in offering the Patch for the purpose of relieving pain; that Mylan knew or had reason to know that consumers so relied; and that the Patch resulted in an overdose of fentanyl into Mr. Cadillo's system, causing his death. These allegations, while brief, are sufficient to state a claim.

Under California law, "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Cal. Ct. App. 1986). The Court has already concluded that plaintiff has adequately pled both reliance and causation. Although plaintiff has not directly quoted the "exact terms" of Mylan's warranty of fitness, the Court finds that plaintiff's allegations are sufficient. In *Williams*, the case on which Mylan relies, the California Court of Appeal found sufficient the plaintiff's allegations that the defendant, a manufacturer of a baby bottle, "'utilized the advertising media to urge the use and application of [the subject product] and expressly warranted to the general public including plaintiff herein, that said product was effective, proper and safe for its intended use.'" *Id.* (alteration in original). Plaintiff's allegations regarding Mylan's warranties are indistinguishable from the allegations approved

United States District Court
For the Northern District of California

in *Williams*. Mylan's motion to dismiss plaintiff's express warranty claim is therefore DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES Mylan's motion to dismiss. (Docket No. 19).

**IT IS SO ORDERED.**

Dated: May 5, 2010

Susan Illston
SUSAN ILLSTON
United States District Judge